[Civ. No. 6619. Second Appellate District, Division Two.—April 7, 1931.]

DAVID GUSTASON, Appellant v. A. J. SPEAK et al., Respondents.

Van Lee Hood for Appellant.

Willedd Andrews for Respondents.

THOMPSON (IRA F.), J.—The action herein was one for malicious prosecution. The jury returned a verdict in favor of the defendants. This is an appeal from the judgment, it being contended by the appellant that the evidence is insuffi-

cient to support the verdict, or perhaps it would be more accurate to say that the evidence compelled a verdict for the plaintiff.

The appellant, a licensed osteopathic physician and surgeon, was employed by the respondent A. J. Speak to attend his wife. According to the testimony of this respondent the doctor made three trips to his house before Mrs. Speak was taken to the hospital to be operated on, in accordance with the advice of the appellant. The respondent A. J. Speak claimed and testified that he discharged the appellant the same evening his wife was taken to the hospital. According to the appellant, however, he had charge of the operation and selected an assistant and a doctor to administer the anesthetic, and called on the patient every day for three weeks and occasionally thereafter. Consequently a dispute arose over his charge for services rendered. The appellant claimed $200, the respondent A. J. Speak asserting that it should be very much less. After some telephonic conversation, according to the testimony of respondents, the appellant agreed to accept the offer of A. J. Speak to settle for $125. On the day following this conversation he mailed appellant a check for the sum mentioned, but by return mail received back a letter in which the doctor declined the sum tendered by the check as payment in full. Mr. Speak then consulted an attorney and on June 9th, the attorney employed, mailed appellant a second check for $25, dated, however, prior to the first one and which, together with the one for $125 still held by appellant, made $150, the sum which the lawyer's letter stated they had agreed upon as a settlement of the claim. The appellant, however, testified that this sum was to be paid within a limited time in order to constitute a settlement and therefore the controversy continued to proceed quite merrily, aided and abetted by the disquieting ministrations of a collection agency, and finally culminating in an action in the justice's court and a judgment for $15, without costs, and an appeal to the superior court where appellant was awarded the sum of $155.56. In the meantime, and prior to the filing of the action and about June 16th, appellant placed a sticker over the words "this is in settlement for all services rendered to date" appearing on the lower left-hand corner of the first check, bearing the words: "Applies on account of statement rendered" with

"Dr. David Gustason" stamped underneath, and sent the checks through the bank. Mr. Speak's attention was called to the condition thereof and he ordered payment of the checks stopped. The notice of appeal in the civil action was filed November 10, 1921, and shortly thereafter Mr. Speak testified that he had a conversation with his attorney who was already familiar with the whole affair, in which they discussed the condition of the checks at the time they arrived at his bank; the dispute they had had "about the settlement of the bill" and asked his attorney "whether that was forgery or as to whether he (appellant) had a right to change the meaning of my check by covering up the part that I had put on there, to make up a final settlement which I thought I was entitled to". He further swore that his attorney advised him that in his opinion a forgery had been committed; that he had better get the checks and take them up with the district attorney. Accordingly, Mr. Speak secured the checks from the justice's court and interviewed a deputy in the office of the district attorney. He informed the district attorney of his version of the affair by stating the dispute over the doctor's bill; that he had first had an agreement of settlement for $125 and later for $150; showed him the checks and explained how they had been altered. He could not remember whether he told the deputy about the civil suit which was pending although it was only somewhere between two weeks and a month after the trial in the justice's court, and he talked with the deputy for about an hour. The deputy district attorney advised Speak that he thought a forgery had been committed and issued a complaint. The preliminary hearing resulted in a dismissal of the proceeding and the discharge of the appellant. We are called upon by appellant to say that the testimony which we have recited is such that the jury could come to no other conclusion than that Speak was actuated by malice to initiate the charge without probable cause to believe appellant guilty. This we cannot do. ▮ In an action of this character the elements of malice and want of probable cause are separate elements to be proved by the plaintiff. (*Stein* v. *Lacassie,* 189 Cal. 118 [207 Pac. 886].) In commenting upon the cited case in the authority of *Franzen* v. *Shenk,* 192 Cal. 572 [221 Pac. 932, 936], the court says:

"The instruction in the case of *Stein* v. *Lacassie, supra,* which upon appeal was held erroneous, declared that in the absence of proof of advice of counsel with a fair and full statement of the facts, that a malicious determination of the defendant constituted lack of probable cause. The instruction was clearly erroneous for it, in effect, declared that in the absence of proof of advice of counsel, want of probable cause must be inferred for malice. The criticism made of the instruction was that the defendant may have acted in good faith even though she was acting upon a fixed and malicious determination of her own. This is undoubtedly a just criticism for malice and lack of belief in the guilt of the accused are not the one and the same thing. *For example, the defendant, honestly believing in the guilt of the plaintiff, may, with a vindictive motive, prosecute the plaintiff. In such a situation, if, in addition to the honest belief of the defendant* in the guilt of the plaintiff, there was the added fact of reasonable grounds for the belief, then there would be probable cause, despite the presence of malice. If, on the other hand, in addition to malice, there was a lack of belief by the defendant in the guilt of the plaintiff, there was want of probable cause, despite the existence of facts which would justify the suspicions of a reasonable man in the guilt of the accused." (Italics ours.)

In *Dunlap* v. *New Zealand F. & M. I. Co.*, 109 Cal. 365 [42 Pac. 29], we read this: "The facts within his (the complainant's) knowledge may not in point of law constitute a crime, but, if they are of such a character as to induce in the mind of a reasonable man the honest belief that a crime has been committed, he is justified in seeking to have the crime punished. If, in addition to his own belief, he seeks the advice of one learned in the law, and after a full and fair statement of the facts within his knowledge is advised by him that they constitute a crime, his good faith in prosecuting the offender is corroborated. If, in addition to this, the person whose advice he seeks is the officer selected by the people to prosecute offenders against the laws, and he gives to that officer all the information that he possesses, and is then advised by him that a crime has been committed and the prosecution is made upon a complaint prepared by that officer, his good faith is established." ▆ Applying these cases to the instant problem and assuming, as we must

do in this tribunal to support the judgment, the truth of the testimony of the respondent A. J. Speak what result do we have? Can we say that he did not honestly believe that the appellant was attempting to obtain the $150 and yet hold him for another $50 or was that a matter for the jury? Can we say that he did not believe they had first agreed upon a settlement for $125 and then for $150? Bearing in mind that the attorney with whom he first consulted was the one who had assisted him in endeavoring to secure an adjustment and who mailed the second check, can we say that he did not fairly and fully state all of the facts as they appeared to him? Can we say that he did not believe the advice of his counsel that a crime had been committed? With the possible exception of the pendency of the civil litigation Speak swore he gave the deputy district attorney all the relevant facts. The deputy denied that Speak had explained to him the circumstances under which the check was issued. We can see no material bearing, upon the question of whether an offense had been committed, of the fact that civil litigation was in fact pending. We have then a conflict between the testimony of Speak and the deputy. It is not the province of this court to determine conflicts. The jury attended to that duty and found, if we assume that they determined that Speak was prompted by a vindictive desire to start the wheels of justice in motion, that he honestly believed that appellant was guilty of an offense against the law, fortified as he was by the opinion of his own counsel and that of the deputy district attorney. He obviously believed so far as his testimony discloses that he had fully and fairly stated all of the material facts to these gentlemen of the law and rightly governed his actions by their counsel.

Judgment affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.